UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
RUDI RIVAS,

                              Plaintiff,                **ORDER**
                                                         23-cv-05718 (JMA)
      -against-

PHIL MELECIO,
*Superintendent of Wallkill Correctional Facility*,

                             Respondent.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is yet another petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by incarcerated pro se petitioner Rudi Rivas (Petitioner). Rivas has filed seven prior petitions since 2014. See Rivas v. Miller, 22-3514(JMA) (2254 Petition dismissed and leave to file successive Petition denied by the Second Circuit because the motion does not depart from Petitioner's prior pattern of vexatious filings); Rivas v. Miller, 21-CV-7041 (same); Rivas v. Walsh, 00-CV-2985 (same); Rivas v. Griffin, 14-CV-0632 (same); Rivas v. Griffin, 14-CV-6828 (2254 Petition transferred to the Second Circuit as successive and Second Circuit denied leave to file and, by Order dated October 16, 2015, entered a leave-to-file sanction requiring "that the Clerk of the Court [for the Second Circuit] refuse to accept for filing any further submissions from Petitioner pertaining to his 1994 and 1995 convictions unless he first obtains leave from a judge of the Court to file such papers"); Rivas v. Lee, 15-CV-7011 (2241 Petition transferred to the Second Circuit as successive and Second Circuit dismissed Petition because it does not represent a departure from Petitioners prior pattern of vexatious filings.); Rivas v. Lee, 18-CV-5190 (2241 Petition transferred to the Second Circuit as successive and then dismissed by the Second Circuit).

      The instant petition again seeks to challenge two state court judgments of conviction

1

against him: (1) Indictment No. 217-94, a judgment of conviction was entered in the County Court, Suffolk County (Vaughn, J.) against Petitioner on September 23, 1994 upon a guilty plea to Criminal Sale of a Controlled Substance in the Second Degree, and sentencing him to eight (8) years-to-life; and (2) Indictment No. 2506-94, a judgment of conviction was entered in the same court against Petitioner on June 22, 1995 upon a jury verdict convicting him of Criminal Sale of a Controlled Substance in the First Degree and Criminal Possession of a Controlled Substance in the First Degree, and sentencing him to twenty-five (25) years-to-life on each count, to run concurrently to each other and consecutive to his earlier eight (8) year sentence.

Upon review of the declaration accompanying Petitioner's application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Petitioner's application to proceed in forma pauperis is GRANTED. However, because the instant Petition is successive within the meaning of Antiterrorism and Effective Death Penalty Act (AEDPA), this Court lacks jurisdiction. Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (The AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications.)

Accordingly, Petitioner must move for authorization to pursue this successive Petition for habeas relief in the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A). Given that the Second Circuit has entered a leave-to-file sanction due to his prior pattern of vexatious filings, and has recently denied leave-to-file a similar successive petition (see Mandate, dated April 20, 2023, under District Court Docket No. 22-CV-3514), in the interests of justice, the Court declines to transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Rather, any applications shall be made by Petitioner

in the first instance to the Second Circuit Court of Appeals and only in accordance with the Circuit Courts 2015 leave-to-file sanction.

Given the dismissal of this Petition, the Clerk of the Court shall close this case and shall also mail a copy of this Order to the Petitioner at his address of record and note such service on the docket.

**SO ORDERED.**

Dated:  August 21, 2023
         Central Islip, New York

                                              /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE

3