UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------X  
RUDI RIVAS,

                       Petitioner,

        -against-

PHIL MELECIO,  
*Superintendent of Wallkill Correctional Facility*,

                     Respondent.  
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**  
23-cv-05718 (JMA)

**AZRACK, United States District Judge:**

      By Order dated August 21, 2023 (the "Dismissal Order"), the Court sua sponte dismissed Petitioner's pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which "again [sought] to challenge two state court judgments of conviction against him," as that Petition was "successive within the meaning of Antiterrorism and Effective Death Penalty Act (AEDPA)," and outside of the Court's jurisdiction. Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) The AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications. Petitioner now seeks reconsideration of the Dismissal Order pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.

      "Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp., 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation omitted), aff'd, 577 F. App'x 11 (2d Cir. 2014). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. Matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Indeed, a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Further, it is within the sound discretion of the district court whether or not to grant a motion for reconsideration. See Gupta v. Attorney Gen. of United States, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014).

Here, Petitioner has failed to make the substantial showing necessary to warrant reconsideration, namely "an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd., 956 F.2d at 1255. Rather, Petitioner has simply set forth arguments that have already been reviewed and denied. Accordingly, Petitioner's motion for reconsideration is DENIED.

As explained previously, Petitioner must move for authorization to pursue this successive Petition for habeas relief in the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A). Notably, the Second Circuit has entered a leave-to-file sanction due to Petitioner's prior pattern of vexatious filings, and has recently denied leave-to-file a similar

successive petition (see Mandate, dated April 20, 2023, under District Court Docket No. 22-CV-3514).

**SO ORDERED.**

Dated:  February 21, 2024
    Central Islip, New York

                 /s/ (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE